P. W. BROWN, Adm'r., &c. *v.* THE COMMISSIONERS OF WASHINGTON.

The fact that the officers of a corporation make a contemporaneous minute for their own information, of a parol contract, in the absence of the other party, does not render oral evidence by that party of the terms of such contract, incompetent.

Where the case transmitted to this Court shows that one party, in order to establish his title to land, tendered evidence of a *parol lease* thereof, and that it was rejected by the presiding Judge, *Held*, that it will not be presumed, in the absence of any reason assigned, for the purpose of supporting the ruling below, that the lease was one which the Statute of Frauds requires to be in writing.

In order to make out *error* in the directions of the Judge below, it is not necessary to show that the evidence excluded would have made a good case for him who offers it—but, that by its exclusion he was prevented from *developing his case.*

TRESPASS, Q. C. F., tried before *Jones, J.,* at Spring Term, 1869, of the Superior Court of BEAUFORT.

Upon the trial a question arose as to the rights of the plaintiff under an alleged lease of the premises to him by the defendant. He offered evidence of a parol contract of lease,

which was objected to by the defendant upon the ground that there was a record of such contract made at the time by the defendants in the books of the corporation, as was shown by a witness, who also stated that the plaintiff was not then present.

His Honor sustained the objection, upon the ground that the plaintiff should have produced the record, or have given notice to the defendant to do so, &c., before introducing parol proof. The plaintiff excepted.

Verdict for the defendant; Rule for a new trial; Rule discharged; Judgment and Appeal.

*Carter*, for the appellant.
*Phillips & Merrimon*, contra.

RODMAN, J. The case does not state the reason which induced the Judge below to reject the parol proof of the alleged contract of lease between the parties, and we are somewhat uncertain what it was. He probably considered the entry of the contract on the books of the Commissioners as forming a written contract between the parties, in which the entry would be the primary evidence of the contract, and secondary would not be admissible until the absence of the primary was excused. We think this view cannot be sustained. The case states, indeed, that the entry was proved to have been made at the time of the contract; but it also states, somewhat inconsistently, that the plaintiffs were not present when the entry was made, and they do not appear to have had any knowledge of it before the trial. It seems to have been a memorandum of a past transaction made by the Commissioners for the information of themselves and their successors. As to the plaintiffs, it was *res inter alios acta*, and did not bind them. They ought to have been allowed to prove the alleged lease in any lawful way; instead of which the Judge denied all other modes of proof but the entry.

It is said, however, that leases for more than three years are invalid unless in writing; (Rev. Code, ch. 50, sec. 11) and

that it does not appear that the alleged lease was not for more than three years; and that consequently it does not appear, as it must to entitle the plaintiffs to a *venire de novo*, that they were wronged by the ruling of the Judge. The Judge does not put his exclusion of the plaintiff's evidence on the ground that the contract must necessarily be in writing under the Statute, but on the ground that as it was in writing it could only be proved by the writing. The plaintiffs offered to prove a parol lease which might be good; it could only be known whether it was good or not after the evidence was heard. It is not necessary for an appellant to show here that he has a good cause of action, but only that he was prevented from developing his case by testimony, through an erroneous ruling of the Court. That we think sufficiently appears here.

Judgment below reversed.

PER CURIAM.                                   *Venire de novo.*