JAMES T. GOOCH *v.* JOHN T. GREGORY.

When the clerk of a Court refuses to issue an execution to which a plaintiff is entitled on his judgment, he has two remedies for enforcing his rights. He may obtain a rule on the clerk as an officer of the Court to compel him to perform his duty, or be subject to an attachment for a contempt; or he may sue the clerk on his official bond. He is not entitled to a writ of *mandamus* against the clerk.

A plaintiff who has obtained a judgment against a county is not entitled to an execution against it. His remedy is by a writ of *mandamus* against the board of commissioners of the county to compel them to levy a tax for the satisfaction of the judgment.

The cases of the *State* v. *Justices of Moore*, 2 Ire. 430, *McKay* v. *Justices of Harnett*, 6 Jones 488, and *Winslow* v. *Commissioners of Perquimans*, 64 N. C. Rep. 218.

This was a petition for an alternative *mandamus*, heard before *Watts*, Judge at the Fall Term, 1870, of HALIFAX Superior Court.

The petitioner had sued the Board of Commissioners of Halifax County upon a claim against the County, and obtained a judgment against them. He afterwards applied to the Clerk and directed him to issue an execution thereon against the defendants, but he refused to do so, alleging as a reason for such refusal that the plaintiff had no right to have such execution issued. His Honor being of a contrary opinion, gave judgment for the plaintiff and ordered a peremptory *mandamus* to issue, and the defendant appealed.

*Moore & Gatling* and *Conigland*, for the defendant.
*Batchelor*, for the plaintiff.

DICK, J. As a general rule, a party who has obtained a judgment, is entitled to have an execution to enforce it.

An execution is a judicial writ issuing from the Court where the judgment is rendered, and in contemplation of law is issued under the order of the Court. It is the duty of

a Clerk, as a ministerial officer of the Court, to issue execution at the request of the plaintiff in the judgment, and if he fails to perform such duty, the plaintiff has two remedies for enforcing his right. He may obtain a rule on the Clerk, as an officer of the Court, to compel him to perform his duty, or be subject to an attachment for a contempt; or the Clerk may be sued on his official bond.

In the case before us, if the plaintiff had a legal right to have an execution issued against the County, he had a legal remedy adequate to enforce it, and therefore a mandamus will not lie against the Clerk. *State* v. *Justices of Moore*, 2 Ired. 430, Tapping 18.

But the plaintiff has no right to have an execution issued against the County. A County is a municipal corporation created by law for public and political purposes and constitutes a part of the government of the State. Its powers are expressly defined by law, and where they are not fixed by the Constitution, they may be enlarged or modified at any time by the Legislature.

Its power to contract debts and levy taxes is set forth in the Constitution, Art. VII. Under the Act of 1868, chap. 20, a County may " purchase and hold land within its limits and for the use of its inhabitants;" "may purchase and hold such personal property as may be necessary to the exercise of its powers," and " make such orders for the disposition, or use of its property as the interests of its inhabitants require." Thus it appears that a County can only acquire and hold property for necessary public purposes, and for the benefit of all its citizens, and the plainest principles of public policy prevent such property from being sold under execution for the advantage of an individual. Bouv. Inst. 176.

These rules of law are not applicable to a municipal corporation created by a charter which is voluntarily accepted by the corporation for private emolument and advantage. Such corporations are sometimes charged with the perfor-

mance of public duties, but so far as the grant is for private purposes and advantage they are regarded as private corporations and subject to like liabilities. *Bailey* v. *Mayor of New York*, 3 Hill 531. *Dartmouth College* v. *Woodward*, 4 Wheaton 518.

The plaintiff in this case is not without a remedy. He has established his debt against the County by a judgment, and as he cannot avail himself of the ordinary process of law to enforce payment, he is entitled to a writ of *mandamus* against the Board of Commissioners to compel them to levy a tax for the satisfaction of said judgment. *McKay* v. *Justices of Harnett*, 6 Jones 488. *Winslow* v. *Commissioners of Perquimans*, 64 N. C. 218.

There was error in the ruling of his Honor, and the judgment is reversed and the proceedings dismissed.

PER CURIAM.                                     Judgment reversed.