SLUSSER, TAYLOR & Co. v. THE CITY OF BURLINGTON.

1. **Contract**: ENLARGEMENT OF: MUNICIPAL CORPORATION. A party entered into an oral contract with the proper committee of a city to per-perform work in the grading of a street, upon the conditions expressed in a written bid as follows: " We propose to grade B. street, the dirt to be taken to the railroad crossing south, a portion north in the hollow on the same street, for the sum of twenty cents per cubic yard." The committee directed the contractors to remove all the excavated material to the south, and promised that for this and for the removal of rock, not contemplated in the contract, they should receive additional compensation: *Held*, that it was competent for the committee to thus enlarge the contract, and that the city was liable for the additional compensation promised.

2. **Municipal Corporation**: LIABILITY: JUDGMENT. That no authority exists for the payment, out of the general revenue, of judgments against a city for work performed in the improvement of streets does not release the city from liability therefor.

3. **Contract**: EXTRA COMPENSATION : MUNICIPAL CORPORATION. Under a written contract which stipulated that the contractors would grade the street and bring it to the established grade, they asked additional compensation for the removal of rock which they claimed was not contemplated in the execution of the contract: *Held*, that they were bound to perform the contract in accordance with its terms, and could not recover extra compensation for such work. Whether the internal improvement committee could waive performance thereof, *quære*.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 22.

THIS action is brought for the purpose of obtaining judgment for work and labor performed by plaintiff, in grading and improving the streets of the city.

*Power & Antrobus*, for appellant.

When a statute does not in express terms annul a power given to a corporation under a former act, but confers some right or powers under a new name, and with additional powers, such additional act does not annul the rights given under the former act. (Dill. on Mun. Corp., § 52; *State v. Mobile*, 24

Ala., 701; *Girard v. Phila.*, 7 Wall., 1; *Com. v. Worcester*, 3 Pick., 474.) Statutes of a general nature do not by implication repeal charters and special acts. (Dill. on Mun. Corp., § 54; *State v. Branin*, 3 Zabr., 484.) No ordinance or by-law of a corporation can enlarge, diminish or vary its powers. (Dill. on Mun. Corp., § 251; *Thompson v. Carroll*, 22 How., 422; *Andrew v. Ins. Co.*, 37 Me., 256; *Marsh v. Commonwealth*, 12 B. Monroe, 25; *Mt. Pleasant v. Breeze*, 11 Iowa, 399.) An instruction is erroneous which assumes as true a fact material to the cause which it was the province of the jury alone to determine. (*Ross v. War Eagle*, 14 Iowa, 365; *Keena v. M. S. M. Ins. Co.*, 12 Iowa, 126.) A municipal corporation may ratify the unauthorized acts of its agents, and such ratification may be inferred from acquiescence after a knowledge of all the material facts, or from facts inconsistent with any other supposition. (*People v. Swift*, 36 Cal., 26; *Peterson v. Mayor*, 17 N. Y., 449; *Bradley v. Magne*, 20 Id., 312; *Hodges v. Buffalo*, 2 Denio., 110; *Emerson v. Newburg*, 13 Pick., 377; *San Francisco Gas Co. v. San Francisco*, 9 Cal., 453.

*A. H. Stutsman*, for appellee.

The city engineer and internal improvement committee had the power to control work upon a street, but had not the power to change or alter the contract, or bind the city by promises of extra compensation. (Dill on Mun. Corp., § 403.) No implied liability for street improvements arises from the fact that they are improved; there must be express corporate action to render the city liable. (Dill on Mun. Corp., § 384.) That the city has not objected to the work does not constitute a ratification. (*Cowan v. Wallace*, 17 Iowa, 374; *Richard v. Warren*, 31 Id., 381; *Sikes v. Hatfield*, 13 Gray, 347.) There can be no recovery for extra work when the officers who requested it to be done had no authority. (*Bonested v. Mayor*, 22 N. Y., 162; *Hague v. Philadelphia*, 48 Pa. St., 527.)

SEEVERS, CH. J.—The work was performed under two contracts and on different streets. They will be separately considered.

I.   As to the Boundary street contract:   This contract was not reduced to writing, and it is admitted in the answer that

**1. CONTRACT: enlargement of: municipal corporation.** it was verbal and made by a proper committee of defendant, upon the terms and conditions contained in a written bid made for the work by the plaintiffs, and which is as follows: " We, the undersigned, propose to grade Boundary street; the dirt to be taken to the railroad crossing south, a portion north in the hollow on the same street, for the sum of twenty cents per cubic yard." The evidence tended to show that there was not only earth, but rock, to be removed in order to get the street down to the proper grade, and that it was worth much more to remove rock than earth.   The evidence also tended to show that all the material excavated was taken south, and none north, and that it was worth greatly more to take such material south than north.   The evidence further tended to show that the material was taken south under the direction of the proper committee, under the objection and protest of the plaintiffs. So, too, when rock was struck, the plaintiffs objected to removing the same at the contract price, on the ground that the removal of such material was not contemplated at the time the contract was made; whereupon the committee directed the plaintiffs to remove the rock, and assured them they should be paid a proper and reasonable compensation therefor.   The evidence at least tended to show these facts.

The District Court, believing the committee had no power or authority to vary or change the contract, refused to submit the question of the amount of compensation the plaintiffs were entitled to receive for the above mentioned extra work to the jury.

In this there was error.   It must necessarily follow, under the testimony and admissions in the answer, that the committee, having the power and authority to contract, can consent to a variation of the terms and conditions thereof.   The greater includes the less.   Under the contract, the earth was to be removed both north and south; but the committee or power having authority to so contract, directed the plaintiffs to remove all the dirt south; this is binding on the city, and

it should pay for the extra work. The written bid, which the answer insists is the contract, only contemplates the removal of "dirt"; and without any other or different showing this cannot be held to include rock. It seems clear to us that neither party contemplated the removal of any rock, and that the terms used in the contract do not include any such material.

II. It is insisted by the counsel for the city that, under the charter and ordinances thereof, there exists no power or 2. MUNICIPAL authority by which this class of improvements can corporation: be paid for out of the general revenue of the city; liability : judgment. but that the same can only be paid for by assessing the cost of the same on the abutting property, and that the city cannot now do this, and, therefore, is not liable. The District Court seems to have adopted this theory. It seems to us, however: 1. That it is immaterial whether there is any way the plaintiffs can obtain satisfaction of their judgment or not. It is possible they may be beaten on execution, but this question is not necessarily before us, and there is no necessity of crossing that particular bridge just now.

2. It does not clearly appear that the amount of any judgment obtained cannot be assessed on the abutting property.

3. If the city, by its proper officers, required the plaintiffs to perform extra work, for which they are entitled to additional compensation, it is difficult to see why they should be prejudiced, by the repudiation or refusal of the city to recognize the same as a valid claim to be assessed on and against the abutting property.

III. As to the Eighth street contract. This was in writing, and by its terms the plaintiffs agreed to grade said street from 3. CONTRACT: Seventh to Boundary street; said street to be extra compensation: brought to the established grade, and the work municipal corporation. completed on or before November, 1871, the entire work to be done in a good and workmanlike manner, under the direction of the internal improvement committee and the city engineer. And it was expressly agreed that the city assumed no other personal or individual liability than to enforce its ordinances and pay over the money when collected

of the abutting property owners; the city being only bound to levy and assess the amount due plaintiffs for the work on the abutting property and in that way collect and pay over the amount due. This contract was executed by the mayor on behalf of the city. During the progress of the work it was ascertained there was rock to be removed, which plaintiffs objected to removing at the contract price because such material was not embraced in its terms, and was not contemplated at the time the contract was made. The contract it will be seen required the plaintiffs to "grade the street and bring it to the established grade." If in order to accomplish this it became necessary to remove rock, then such material was within the terms of the contract. About this there can be no doubt. There is no testimony tending to show what material was contemplated by the parties at the time the contract was made, other than the contract price, which seems to be low for the removal of such material, and the actions and conduct of the plaintiffs and the city authorities at the time the rock was discovered. The only evidence on this subject is as follows: The plaintiffs saw Mr. O'Brien, chairman of the internal improvement committee, and objected to taking out the rock because it was not contemplated by the contract, and O'Brien said he did not understand the contract to require the removal of rock, and advised plaintiffs to petition the city council to allow them pay for the work. The plaintiffs did send such a petition to the council, but whether it was ever acted upon does not appear. O'Brien also said that he would have the engineer estimate the hard material and present it to the council, and also said that plaintiffs could not take out the rock at the contract price, but that it was worth more than double such price, and that plaintiffs should have pay for it. While the rock was being removed the internal improvement committee and city engineer were present, and plaintiffs never were notified that the city would not pay for the stone.

This is a full statement of the testimony of one of the plaintiffs on this subject. Under the circumstances above stated the plaintiffs removed the material and complied with their contract, and the city paid the contract price and refused

to pay any more, or rather the city assessed the contract price on the abutting property and has enforced the ordinance in relation to the collection thereof.

Whether the internal improvement committee or any member thereof can waive the performance of a written contract executed on behalf of the city by the mayor may be doubtful, but however this may be we are clearly of the opinion there was no waiver here. The opinion of Mr. O'Brien or his unstanding of what was embraced in or covered by the contract was wholly immaterial. His understanding or construction did not bind the city. All that he did was to advise that a petition be presented to the council, and the plaintiffs proceeded to do the work without waiting for the action of the council. The fact that the committee saw the work when it was going on, and knew that rock was being removed, cannot under the circumstances bind the city to pay extra for such work.

The evidence very conclusively shows that plaintiffs waived whatever rights they may have had to insist on extra compensation for removing the rock.

There was no error in refusing to submit the question of the right of plaintiffs to recover extra compensation for the removal of the rock under the Eighth street contract to the jury.

REVERSED.