PALATKA WATERWORKS v. CITY OF PALATKA.

(Circuit Court, S. D. Florida. September 30, 1903.)

1. FEDERAL COURTS—INJUNCTION—PROCEEDINGS IN STATE COURT.
   A bill seeking merely to maintain the original contract under which complainant is furnishing water to defendant city and its citizens, and to prevent enforcement of lower rates of compensation fixed by an ordinance, and referring to no pending suit or proceeding, is not one to stay proceedings in a state court, which Rev. St. § 720 [U. S. Comp. St. 1901, p. 581], forbids a federal court to entertain; nor is it one to enjoin criminal prosecutions, though the ordinance, by its terms, may be enforced by fines and penalties.

2. CITIES—LIABILITY TO SUIT.
   A suit against a city, involving contract rights only, may be entertained; a city not being entitled, like a state, to immunity from suits against it.

3. EQUITY—REMEDY AT LAW.
   A bill alleging a contract, by its terms still in force, under which complainant is furnishing water for defendant city and its citizens, and the passing of an ordinance by defendant fixing much lower rates than provided by the contract, makes a case for equity jurisdiction; the remedy at law being inadequate.

4. WATER COMPANIES—REGULATION OF RATES BY CITY—REASONABLENESS.
   Even though defendant city has the right to regulate the charges to be made by complainant water company for furnishing water to it and

---

¶ 1. Federal courts enjoining proceedings in state courts, see notes to Garner v. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575.
Restraining criminal prosecutions, see note to Arbuckle v. Blackburn, 51 C. C. A. 133.

its citizens under a contract, the court may interfere with rates so plainly and palpably unreasonable as to make their enforcement equivalent to depriving complainant of reasonable returns on its investment.

5. PRELIMINARY INJUNCTION.

The rates fixed by defendant city, which complainant may charge for furnishing water to defendant and its citizens under their contract, being, as alleged in the bill, so unreasonable as to destroy the value of complainant's property, and there being no other pleading, preliminary injunction will issue.

In Equity.

Benj. P. Calhoun, Henry Strunz, and Chas. T. Cates, for complainant.

S. J. Hilburn and Geo. C. Bedell (H. Bisbee, on the brief), for defendant.

SHELBY, Circuit Judge. This is a suit by the Palatka Waterworks, a Florida corporation, against the city of Palatka, a municipal corporation organized under the laws of the same state. The defendant, being duly authorized, made a contract by ordinance on January 4, 1886, with Charles Underwood and others, granting to them the right to maintain and operate waterworks to supply the city and citizens of the city with water for a period of 25 years, or till the city should purchase the works; the city reserving the right to purchase the works after 10 years from the date of the contract. The complainant company succeeded to all the rights of Underwood and others under the ordinance. The contract fixed the price of hydrants to be furnished the city at an annual rental of $50 each for 40 hydrants, which rental the city was to pay for 25 years, or till it bought the works. The contract also fixed the rate that the company would be allowed to charge private consumers. The company complied with the contract, expending about $100,000 in erecting the waterworks. The water was furnished the city and private consumers under the contract for many years—in fact, till the bill was filed in this case. The Constitution of Florida, which, however, did not go into effect till January 1, 1887, conferred on the Legislature, or recognized that the Legislature had, the power "to pass laws for the correction of abuses and to prevent unjust discriminations and excessive charges by persons and corporations * * * performing * * * services of a public nature." Section 30, art. 16; City of Tampa v. Waterworks Co. (Fla.) 34 South. 631. On May 31, 1901 (Laws 1901, p. 240, c. 5070), the Legislature of Florida enacted:

"That the corporate authorities of any city, town or village now or hereafter incorporated under any general or special law of this state, in which any individual, company or corporation has been, or may hereafter be, authorized by such city, town or village to supply water to such city, town or village and the inhabitants thereof, be and are hereby empowered to prescribe by ordinance maximum rates and charges for the supply of water furnished by such individual, company or corporation to such city, town, village and the inhabitants thereof, such charges to be just and reasonable: provided, that this act shall not be so construed as to impair the validity of any valid contract heretofore entered into between any city, town or village or any person, firm or corporation for the supply of water to such city, town or village or its inhabitants. But this act shall not be held to validate any contract heretofore made."

On August 5, 1903, the council of the city of Palatka passed an ordinance, which was approved on that day, providing that from and after October 1, 1903, it should be unlawful for any individual, company, or corporation furnishing water to the city of Palatka or its inhabitants to charge any higher rate for water than those fixed by the ordinance of that date. The ordinance fixes a tariff of charges that reduced the rental of hydrants as fixed by the original ordinance or contract 50 per cent., and reduced the maximum rate for water furnished private consumers about 40 per cent. The purpose of the bill is to maintain the original contract, and to avoid and prevent the enforcement of the lower rates fixed by the ordinance of August 5, 1903.

The case is submitted on a motion for a preliminary injunction. There is no pleading before the court, except the sworn bill, which elaborately states the case that I have only attempted to outline, presenting, as exhibits, copies of the several acts and ordinances quoted.

The granting or withholding of a preliminary injunction rests in the sound judicial discretion of the court, and if, when the motion is made and submitted, grave questions of law are presented, which require careful and deliberate examination, and when the only effect of the injunction is to hold the parties and property in the same situation in which they have been for a period of more than 10 years with their own consent, and when it is to the material advantage of both parties that their respective rights should be settled to prevent future litigation, and when the injury to the moving party will be immediate, certain, and great if it is denied, while the loss or inconvenience to the opposing party will be small if it is granted, and such loss can be fully provided for by bond, it seems unquestionably the duty of the chancellor to grant the injunction. City of Newton v. Levis, 79 Fed. 715, 25 C. C. A. 161. If, on the contrary, it does not appear on the prima facie showing that the plaintiff is entitled to any relief, and that the bill must probably be dismissed on the final hearing, the injunction should be refused.

The defendant has appeared and contested the granting of this motion. It files no answer, pleading, or affidavit denying any of the averments of the bill. But by elaborate and able oral and written argument of counsel several legal defenses are presented. It is contended that the court is without jurisdiction, because (1) the suit is one to enjoin proceedings or suits in a state court, which is prohibited by Rev. St. U. S. § 720 [U. S. Comp. St. 1901, p. 581]; (2) that it is, in effect, a suit to stay or prevent criminal prosecutions by the state of Florida; (3) that it is, in effect, a suit against the state of Florida, as the injunction sought will be against the officers of that state. These contentions may be briefly considered.

It is alleged in the bill that the enforcement of the ordinance of August 5, 1903, would deprive the complainant of its property without just compensation, and without due process of law, and would deny to the complainant the equal protection of the laws, and that the ordinance impairs the obligation of the contract between the complainant and defendant, in violation of section 10, art. 1, of the Constitution of the United States. These averments raise federal questions within

the jurisdiction of the circuit court. Vicksburg Waterworks Co. v. Vicksburg, 185 U. S. 65–81, 22 Sup. Ct. 585, 46 L. Ed. 808.

I do not think Rev. St. U. S. § 720, is applicable to the case, because I find no effort to enjoin proceedings in a state court, within the meaning of that section. No suit in a state court is now pending to which the bill refers. The fact that the ordinance, by its terms, may be enforced by fines and penalties, does not, I think, deprive the Circuit Court of jurisdiction of a case involving property rights dependent on the validity of the ordinance. A municipal corporation cannot, by ordinance, impair the obligation of its contracts, and deprive a complainant of a constitutional right, raising a federal question, and prevent the federal courts having jurisdiction of a suit brought to vindicate such rights by annexing penalties to the infringement of the ordinance.

It is true that a court of equity has no jurisdiction to enjoin or prevent criminal prosecutions. The authorities cited by the learned counsel for defendant fully sustain this proposition. But I do not construe the bill to be one seeking to enjoin criminal prosecutions. It seeks the enforcement and protection of alleged property rights, and is similar in that respect to many cases recently decided by the Supreme Court, which I find cited on the brief for the complainant.

Nor can I assent to the proposition that this is, in effect, a suit against the state, within the rule laid down in Fitts v. McGhee, 172 U. S. 516, 531, 19 Sup. Ct. 269, 43 L. Ed. 535. In that case the state, its Governor and Attorney General, were sued. The bill was dismissed in the lower court as to the state, but stood seeking an injunction against the Attorney General and the Governor against the enforcement of a criminal statute. The Supreme Court held that this was, in effect, a suit against the state, and was forbidden by the Constitution. The case at bar is very different. It seeks an injunction only against the defendant, a municipal corporation, in a suit involving contract rights. No relief is sought against the enforcement of the criminal law. The Supreme Court held in Fitts v. McGhee, supra, that the constitutionality of a statute reducing tolls charged by a corporation could not be tested by a suit against the Attorney General of the state to enjoin him from enforcing, in the name of the state, criminal penalties prescribed by the same statute. But a municipal corporation is entitled to no such immunity from suit, for it may be sued on its contracts or for its torts as any corporation or individual.

It is also contended that there is an adequate and complete remedy at law, and it is shown that the questions, or, at least some of them, sought to be settled in this suit, could be adjudicated in suits at law between the parties. I think, however, that the case as made by the bill is one of equity jurisdiction. The complainant is not required to wait till the city has taken some further step to displace its alleged rights under the contract, and then sue for damages. It is one of the most valuable features of equity jurisdiction to anticipate and prevent threatened injury and loss, especially where the damages would be insufficient or irreparable, or where the threatened action on the part of the defendant would result in a multiplicity of

suits. "The exercise of such jurisdiction is for the benefit of both parties, in disclosing to the defendant that he is proceeding without warrant of law, and in protecting the complainant from injuries which, if inflicted, would be wholly destructive of his rights." Vicksburg Waterworks Co. v. Vicksburg, supra.

It is contended by the complainant that the ordinance contract sought to be protected was made before the adoption of the Florida Constitution, which has been quoted, authorizing the regulation of charges to be made by persons or corporations "performing services of a public nature." The defendant, on the other hand, claims that the Constitution was in force when the contract was made. The facts are that the ordinance making the first contract was adopted before the Constitution went into effect, but that after the Constitution went into effect the ordinance was amended. The defendant claims that, although the first ordinance went into effect before the constitution was in force, the ordinance provided, by its terms, that it was null and void unless the company should complete the work in a specified time. The amending ordinance extending the time for the completion of the work being passed after the Constitution was in force, the contention is that the date of the latter ordinance is the true date of the original contract. It is not necessary now to decide this question.

If it be conceded that the right exists to regulate the charges to be made by the complainant for furnishing water under the contract, we come to the averment in the bill that the regulation and reduction made by the new ordinance are unreasonable—so unreasonable as to destroy the value of the plaintiff's property. It is shown by the bill, as amended, that the complainant's plant cost about $100,000; that it is worth more than that sum; that its capital stock is $75,000; that its bonded indebtedness, bearing 6 per cent. interest, is $75,000; that the average cost of operating the plant is $4,732.86; that the average gross receipts for the past three years have been $11,824.20; and that its net income, if its charges are controlled by the ordinance of August 5, 1903, would be about $2,200. It is also alleged that the new ordinance fixes rates that "are grossly unreasonable and unjust, and, if enforced, your orator will not be able to earn a reasonable compensation for the services it is rendering and is compelled to render the city and its inhabitants, or a reasonable or any net revenue whatsoever upon its investment, nor would it be able to pay the taxes or interest on its bonded indebtedness." Conceding the legislative right to regulate the charges to be made by the complainant for water, such regulation must be within reasonable limits. It could not lawfully go to the extent of depriving the complainant of all income from its investment, and in effect confiscate its property. The power to regulate could not legally be used as the power to destroy. The question of the reasonableness of such regulations is one for judicial examination and determination. Covington Road Co. v. Sandford, 164 U. S. 578, 17 Sup. Ct. 198, 41 L. Ed. 560. But the judiciary ought not to interfere with rates established under legislative sanction, where the Legislature has the right to act, unless they are plainly and palpably so unreasonable as to make their

enforcement equivalent to depriving the complainant of reasonable returns on its investment; but judicial interference is proper when the case shows an attack upon the rights of property, under the guise of regulating, which will make the plaintiff's property valueless in his hands, by annulling or making inoperative existing contracts. San Diego Land Co. v. National City, 174 U. S. 739, 19 Sup. Ct. 804, 43 L. Ed. 1154; Covington Road Co. v. Sandford, supra.

It cannot be seen now how the facts will appear at the final hearing, but on the averments of the bill the complainant, I think, is entitled to a preliminary injunction.

The clerk will enter the following decree:

This cause having been submitted on the motion of the complainant for an injunction pendente lite, and having been argued by counsel for the complainant and for the defendant, it is now ordered, adjudged, and decreed that a temporary injunction issue, enjoining and restraining the defendant, the city of Palatka, from enforcing the ordinance of said city approved August 5, 1903, or any of the provisions thereof, or in any manner interfering with complainant's rights under an ordinance of said city made and approved January 4, 1886, and amended by an ordinance of said city approved October 15, 1887, and again amended by an ordinance of said city made and approved February 23, 1887, until the final hearing of this cause, or the further order of the court, upon the complainant's giving bond, to be approved by the clerk of this court, in the sum of $10,000, payable to the defendant, and for the use and benefit of the defendant, so far as its rights may be concerned, and for the use and benefit of consumers of water in the city of Palatka, and conditioned to abide by and perform the judgment of the court on final hearing, and, in the event the complainant fails in this suit, to pay into court all or such portion of the amount of said bond as may be required by the order of the court for the purpose of paying to the defendant any excess of charges made by the complainant, in order that such excess of charges may be refunded to those who pay the same pending the litigation. Should the litigation be so prolonged that said bond should be found insufficient in amount, on motion, this being shown, another bond for an additional sum may be required.