## ROSWELL DRAINAGE DIST. v. PARKER et al.

### No. 469.

Circuit Court of Appeals, Tenth Circuit.

Nov. 21, 1931.

C. R. Brice, of Santa Fe, N. M., and J. M. Hervey, of Roswell, N. M. (Manuel A. Sanchez, of Santa Fe, N. M., on the brief), for appellant.

Harold Hurd and Herman R. Crile, both of Roswell, N. M. (Carlton P. Webb, of Roswell, N. M., on the brief), for appellees.

Before COTTERAL and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

PHILLIPS, Circuit Judge.

This is an action at law brought by Gerald .Parker, Fred L. Dickey and J. Gist Search against the Roswell drainage district on certain negotiable bonds and interest coupons issued by it.

The district is a quasi-municipal corporation created under chapter 84, N. M. Sess. Laws 1912. This act has been amended in certain particulars not material here. The amended act appears as sections 40-101 to 40-187, N. M. Comp. St. 1929. The provisions of such act pertinent to this inquiry are set out in marginal note 1.

NOTE 1.

"40-142, supra. Upon entering of such order of confirmation of said preliminary report of record, such drainage district shall be, and is thereby declared to be organized as a drainage district by the name mentioned in said petition, or such other name as the court shall fix, with the boundaries fixed by the order confirming the report of said commissioners, to be a body corporate by said name fixed in said order, with the right to sue and be sued, to adopt and use a seal, and to have perpetual succession."

"40-143, supra. The commissioners appointed as aforesaid and their successors in office shall from the entry of such order of confirmation, constitute the corporate authority of said drainage district, and shall exercise the functions conferred on them by law, and do all things and perform all acts necessary to the construction and preservation of the proposed work."

"40-145, supra. As soon as may be after the confirmation of the said preliminary report, or within such time as the court may direct, said commissioners shall employ a competent drainage engineer and proceed to have all necessary levels taken and surveys made, and shall lay out said proposed work, make a map thereof and plans, profiles and other specifications thereof, and report in writing to the court. * * *

"Fourth: What lands within the district as by them reported will be benefited by the proposed

The trial court rendered a general judgment for plaintiffs for the principal of such bonds and coupons, and for interest thereon after maturity at 6%, the legal rate in New Mexico in the absence of a written contract fixing a different rate. Section 89-103, N. M. Comp. St. 1929.

The district has appealed.

Counsel for the district contend that the District Court of the United States for the District of New Mexico did not have jurisdiction over the subject-matter of this action. The district was created by a judicial action initiated in accordance with section 40-101, supra, in the district court of Chavez county, New Mexico. Counsel for the district assert that such action is still pending; that all proceedings concerning the affairs of the district are to be taken therein and are judicial in character, and that therefore all proceedings relative to the issuance of bonds, the making of assessments, and the payment

work and they shall assess against each tract, lot, and easement by whomsoever held the amount of benefits which they determine will be caused to the same by the proposed work or the damages inflicted by same on the district. The benefits or damages assessed as provided in this section are herinafter referred to as 'assessment of benefits.'

"Fifth: They shall also determine and report to the court the total amount, as near as they can determine, that said proposed work will cost, which amount shall include all incidental expenses, the reasonable cost of organizing said district, costs of proceeding and all probable damage to lands, both within and without the district, together with a reasonable attorney fee for the petitioners, which cost will hereinafter be referred to as 'cost of construction.'"

"40-153, supra. If there be no remonstrance, or if the finding be in favor of the validity of the proceedings, or after the report shall have been modified to conform to the findings, the court shall confirm the report and order of confirmation shall be final and conclusive, the proposed work shall be established and authorized and the proposed assessments approved and confirmed, which approval and confirmation shall be final, unless within thirty days an appeal be taken to the supreme court."

"40-158, supra. At the time of confirmation of such assessments, it shall be competent for the court to order the assessments for cost of construction, to be paid in not more than fifteen installments of such amounts and at such times as will be convenient for the accomplishment of the proposed work, or for the payment of the principal and interest of such notes or bonds of said district as the court shall grant authority to issue, for the cost of construction. The court may also, by such order, fix a date on which the first installment of the assessments for cost of construction shall become due, not more than five years after the date of the order, and each of said installments shall draw interest at the rate of not to exceed eight per cent. per annum from the date of said order."

"40-159, supra. Unless otherwise provided by said order, such assessment shall be payable at once; and from the time of the entry of said order, assessments for cost of construction and interest thereon, shall be a lien upon the lands assessed until paid. Any owner of land, or any corporation assessed for cost of construction, may at any time within thirty days after the confirmation of said report. pay into court, the amount of the assessment against his land or any tract thereof or against any such corporation. Said payment shall relieve said lands from the lien of said assessment, and said corporation from all liability on said assessment."

"40-165, supra. If in the first assessment for construction the commissioners shall have reported to the court a smaller sum than is needed to complete the work of construction, or if in any year an additional sum is necessary to pay the interest on lawful indebtedness of said drainage district, further or additional assessments on the land and corporations benefited, apportioned upon the last assessment of benefit which has been approved by the court, shall be made by the commissioners of said drainage district under the order of the court or presiding judge thereof without notice, which further or additional assessment may be made payable in installments as specified in section 1929 (40-159), and shall be treated and collected in the same manner as the original assessments for construction confirmed by the court in said drainage district."

"40-169, supra. The commissioners may borrow such an amount as is necessary to meet the preliminary expenses authorized by this article, and secure the same by notes bearing interest at a rate not to exceed eight per cent. per annum, and not running beyond one year from their date, and may further borrow money, not exceeding the amount of assessment for cost of construction, additional assessment and assessments for repairs, outstanding at the time of borrowing, for the construction or repair of any work which they shall be authorized to construct or repair, or for the payment of any indebtedness they may have lawfully incurred and may secure the same by notes or bonds, bearing interest at a rate not to exceed eight per cent. per annum, and not running beyond one year after the last installment of the assessment, on the account of which the money is borrowed, shall fall due, which said notes or bonds shall not be sold at less than ninety per cent. of their face value, which said bonds shall be transferable by delivery to the same extent as negotiable paper; and which notes or bonds shall not be held to make the commissioners personally liable, but shall constitute a lien upon the assessments for the repayment of the principal and interest of such notes or bonds. No commission other than the discount hereinabove provided shall be allowed for the sale of such bonds and such bonds shall not be subject to taxation by the state or any subdivision thereof. All sales to be approved by the court.

"In case any moneys derived from bonds sold to pay for the original construction of said improvements (now or hereafter) remains on hand after the work is completed in original construction, and paid for, and not required to pay damages, such residue may be used for maintenance and repair."

"40-170, supra. And the court may, on the petition of the commissioners authorize them to refund any lawful indebtedness of the district by taking up and cancelling all of its outstanding notes and bonds, as fast as they become due, or before, if the holders thereof will surrender the same, and issuing in lieu thereof new notes, or bonds of such district, payable in such longer time as the court shall deem proper, not to exceed in the aggregate the amount of all notes and bonds of the district then outstanding, and the unpaid, accrued interest thereon, and bearing interest not exceeding eight per cent. per annum."

"40-181, supra. The court shall at all times have supervision of said commissioners, and may at any time require them to make a report on any matter or matters connected with their duties as commissioners, and after due hearing may remove from office any or all of said commissioners for neglect of duty or malfeasance in office or for other good cause. The court may at any time require the commissioners to give new bonds and may fix the amount thereof, and said bonds shall be submitted to the court or the presiding judge thereof for approval."

of bonded debt and interest thereon are matters exclusively within the jurisdiction of the state court. They bottom this contention on In re Dexter-Greenfield Drainage Dist., 21 N. M. 286, 154 P. 382, 384, where the court said:

"The drainage law of New Mexico provides for a judicial proceeding from start to finish. It provides generally for filing in the district court a petition, and sets forth what the petition shall contain, the requisite number of signers, and the number of acres which must be represented. It provides for a judicial hearing after due and proper notice, upon the question of the sufficiency of the petition, the constitutionality of the law, and the jurisdiction of the court, and if the petition is found sufficient the court appoints three commissioners to make a preliminary investigation and report, and upon this report the court declares the district established, and orders the commissioners to cause a survey to be made to establish assessments to meet the cost of construction and make a report thereon, and upon the filing of this report, and the giving of notice as provided by the statute, the court considers the report of the commissioners as provided by the act, and particularly the question as to whether the benefits exceed the cost, and, after disposing of any remonstrances that may be filed, makes its order in the form of an ordinary decree, confirming or rejecting the report."

It will be noted that section 40-169, supra, authorizes the commissioners to create indebtedness in behalf of the district for preliminary expenses and for the construction or repair of any work, and to evidence the same by notes or bonds of the district bearing interest at not to exceed 8%.

It will be further noted that section 40-145, supra, authorizes the commissioners, with the approval of the state district court, to assess against the several tracts of land within the district their proportionate share of the cost of construction; and that section 40-165, supra, authorizes the commissioners, with like approval, to make additional assessments to complete the construction or to pay interest on lawful indebtedness.

■ Plaintiffs had independent and distinct causes of action against the district upon each of the several bonds and coupons, and sought to establish such causes of action by an independent proceeding at law in the United States District Court. The requisite diversity of citizenship and amount in controversy were alleged and proved. Plaintiffs' action is clearly an independent suit of a civil nature at common law between the citizens of different states, wherein the amount in controversy, exclusive of interest and costs, exceeds $3,000. The fact that application by plaintiffs may be made later for a writ of mandamus to compel the commissioners of the district to take the necessary steps to levy an assessment to pay plaintiffs' judgment, which will involve an application by such commissioners to the proper court for the approval of such assessment does not alter the situation. Assessment proceedings will be for the purpose of raising by the imposition of taxes the necessary funds to pay the judgment. They will deal with the assessment of taxes, not with the adjudication of plaintiffs' several causes of action. They will be separate from and not a part of this action.

Section 40-165, supra, provides for additional assessments to pay interest. Plaintiffs clearly had the right to establish their debt for interest in an action at law in the federal court in order to lay the foundation for the ancillary remedy of mandamus to compel the commissioners to take the necessary steps to levy such additional assessments.

■ Counsel for the district further contend that it may not be sued in an ordinary action at law. Section 40-142, supra, provides that, upon the entering of an order confirming the preliminary report, such district shall be organized as a drainage district and shall be a body corporate "with the right to sue and be sued, to adopt and use a seal, and to have perpetual succession."

■ A municipal corporation, having capacity to sue and be sued, may be sued both at law and in equity whenever a cause of action exists against it. Winslow v. Perquimans County Com'rs, 64 N. C. 218; Palatka Waterworks v. City of Palatka (C. C.) 127 F. 161; 44 C. J. pp. 1453–1455.

■ The fact that a creditor may not be able to obtain satisfaction of his judgment against a municipal corporation does not affect his right to sue and obtain a judgment. Slusser v. Burlington, 42 Iowa, 378.

■ Counsel for the district assert that the court erred in entering a general judgment against the district. They argue that the effect of such a judgment is to render all the property in the district subject to assessment to pay such judgment. This proposition is supported by United States ex rel. Ranger v. New Orleans, 98 U. S. 381, 25 L.

Ed. 225, and Board of Commissioners of Pottawatomie County v. Municipal Securities Co. (C. C. A. 8) 1 F.(2d) 294, 297.

We are of the opinion that the lands within the district are only subject to such assessments as are expressly or impliedly authorized by the statute under which the district was created, and, in no event, for assessments in excess of the benefits respectively received and assessed against each "tract, lot and easement."

Counsel for the parties have stipulated in open court however that the judgment may be modified by adding, at the end of paragraph numbered four, the following:

"To be paid from funds provided or to be provided in accordance with the provisions of sections 40-101 to 40-187, N. M. Code 1929, in the due administration of the District's affairs."

■ Finally, counsel for the district maintain that the court erred in giving judgment for interest on the interest coupons from the dates they respectively became due and payable.

The bonds and coupons by their express terms are payable to bearer at the Continental & Commercial National Bank in Chicago, Illinois. Each of these coupons bears its own maturity date and contains its own obligation or promise to pay, and its attachment to the bond adds nothing to the completeness of such obligation. Each of such coupons is an independent obligation in writing for the payment of a sum certain on a day certain to the bearer. Hence they have all the qualities of commercial paper, are not mere incidents to the principal debt evidenced by the bond, but independent obligations in the nature of a principal debt, and bear interest after maturity as do other contracts for the payment of money. Hamilton v. Wheeling Public Service Co., 88 W. Va. 573, 107 S. E. 401, 21 A. L. R. 433; Kalman v. Treasure County, 84 Mont. 285, 275 P. 743, 746; Hughes County, S. D., v. Livingston (C. C. A.) 104 F. 306, 322; Cairo v. Zane, 149 U. S. 122, 143, 13 S. Ct. 803, 37 L. Ed. 673; Scotland County v. Hill, 132 U. S. 107, 10 S. Ct. 26, 33 L. Ed. 261; 33 C. J. p. 205, § 64. Such is the settled law in Illinois, where such interest coupons are payable. Cairo v. Zane, supra, 149 U. S. page 143, 13 S. Ct. 803, 37 L. Ed. 673.

■ The rate of such interest is to be determined by the law of the state where the contract is to be performed. Scotland County v. Hill, supra; Hughes County, S. D., v. Livingston, supra; Andrews v. Pond, 13 Pet. 64, 73, 77, 78, 10 L. Ed. 61; 33 C. J. p. 184, § 18; 12 C. J. p. 450, § 31.

Paragraph 2, c. 74, Cahill's Illinois Revised Statutes 1929, provides that, in the absence of contract provision, bonds, bills, notes or other instruments in writing shall bear interest at the rate of 5% after maturity.

We find nothing in the statute either expressly or impliedly limiting the liability of the district to pay interest after maturity on the coupons. Authority to issue bonds is given in general terms. Section 40-165, supra, providing for additional assessments to pay interest on lawful indebtedness, and section 40-170, supra, providing for the refunding of indebtedness, indicate that the Legislature intended drainage districts should pay interest on their bonds and coupons after maturity.

Accordingly, we conclude that the district is liable for interest on the past-due coupons from the dates of their respective maturity, but that the said interest should have been limited to 5%, the legal rate in Illinois.

It is therefore ordered that the judgment below be modified in accordance with this opinion, and, as modified, affirmed.

The costs of this appeal will be assessed against plaintiffs.