# WASHINGTON AND IDAHO RAILROAD COMPANY *v.* CŒUR D'ALENE RAILWAY AND NAVIGATION COMPANY.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF IDAHO.

No. 4. Argued November 13, 14, 1895. — Decided December 2, 1895.

Affirmed upon the authority of *Washington & Idaho Railroad Company* v. *Cœur d'Alene Railway & Navigation Company,* ante, 77.

THIS case was argued with the preceding case. The facts are stated in the opinion.

*Mr. A. A. Hoehling, Jr.,* and *Mr. Samuel Shellabarger* for appellant. *Mr. J. F. Dillon, Mr. W. W. Cotton,* and *Mr. J. M. Wilson* were on their brief.

*Mr. A. B. Browne* for appellee. *Mr. A. H. Garland* filed a brief for same.

Mr. Justice Shiras delivered the opinion of the court.

This was a suit in equity brought by the Washington and Idaho Railroad Company, a corporation of the Territory of Washington, in the District Court of the First Judicial District of the Territory of Idaho, against the Cœur d'Alene Railway and Navigation Company, a corporation of the Territory of Montana, and George P. Jones. An inspection of the record discloses that the matter in dispute was a right of way two hundred feet in width and about a mile in length, situated in Shoshone County in the Territory of Idaho, and which was claimed by both railroad companies. By a bill in equity the plaintiff company sought to have its title to said strip declared paramount, and to restrain the defendant company from trespassing upon the same, and from interfering with the plaintiff's peaceful possession. The result of the suit, in the District Court of the Territory of Idaho, was a final decree adjudging that the Cœur d'Alene Railway and Navigation Company was the owner and entitled to the possession of the land in question. From this decree an appeal was taken by the plaintiff company to the Supreme court of the Territory of Idaho. That court was of opinion that, as it appeared by the findings of fact in the District Court, at the time of the trial, the defendant had completed its line of road over the disputed ground and was in the actual use and occupation thereof, the plaintiff had an adequate remedy at law, and that the District Court, while justified in refusing the injunction prayed for, should have dismissed the bill and left the plaintiff to its action at law, and, as thus modified, the judgment of the District Court was affirmed.

From this judgment of the Supreme Court of the Territory an appeal was taken to this court.

We do not find it necessary to enter into a discussion of the merits of the case, nor to decide whether a court of equity could take jurisdiction of such a controversy, because we learn, from our own records, that the Washington and Idaho Railroad Company, without awaiting the result of the present appeal, but acting upon the view of the Supreme Court of the

Territory, brought an action at law against the Cœur d'Alene Railway and Navigation Company in the District Court of the Territory, which action was, after the admission of Idaho as a State, transferred to and tried in the Circuit Court of the United States. The result of that action was a final judgment in favor of the defendant company, and this judgment, having been taken to the Circuit Court of Appeals for the Ninth Circuit, was there affirmed, and the judgment of the latter court has at the present term been by this court affirmed. See *Washington and Idaho Railroad Co.* v. *Cœur d'Alene Railway and Navigation Co. and Northern Pacific Railroad Co.*, 160 U. S. 77.

The judgment of the Supreme Court of the Territory of Idaho is accordingly

*Affirmed.*