## LINES et al. v. ATLANTIC TRANSPORT CO.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 176.

SHIPPING ☞106—CONTRACTS OF AFFREIGHTMENT—EXEMPTIONS IN BILLS OF LADING.

A provision in bills of lading prepared by the carrier that the ship is "not accountable to any extent for bullion, specie, * * * nor for any other goods of whatever description above the value of £20 per package, unless the value be herein expressed and extra freight as may be agreed on be paid," *held* void, as ambiguous and open to the construction that it was the intention of the carrier thereby to exempt itself from any liability whatever in case of packages exceeding £20 in value, if the question should arise in a country where such exemption is sustained as valid, but which exemption under the law of the United States is void.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 225, 226, 414–419; Dec. Dig. ☞106.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree in favor of libelants. The suit was brought to recover the value of one case of merchandise short delivered by respondent's steamship. The value of the missing case was over $500. The bill of lading contained the following clause:

"Not accountable to any extent for bullion, specie, precious metals (manufactured or unmanufactured), plated articles, glass, china, jewelry, articles used for jewelry, precious stones, trinkets, watches, clocks, timepieces, mosaics, bills, banknotes of any country, orders, notes, or securities for payment of money, stamps, maps, letters, writings, title deeds, paintings, engravings, pictures, statuary, silks, furs, lace or cashmere (manufactured or unmanufactured), made up into clothes or otherwise, contained in any package or parcel, whatever may be the value of such articles, nor for any other goods of whatever description above the value of £20 per package, unless the value be herein expressed and extra freight as may be agreed on be paid."

"The shipowner is not to be liable * * * in any case for more than the invoice or declared value of the goods, whichever shall be the least. * * *"

Burlingham, Montgomery & Beecher, of New York City (N. B. Beecher and Roscoe H. Hupper, both of New York City, of counsel), for appellant.

Harrington, Bigham & Englar, of New York City (D. R. Englar, of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. Manifestly there is ambiguity in this sentence. It is not the first occasion where ambiguity in a provision of this sort has come before the courts. In Calderon v. Atlas Steamship Co., 170 U. S. 272, 18 Sup. Ct. 588, 42 L. Ed. 1033, the clause was given one construction in the District and Circuit Courts and a different one in the Supreme Court. The clause in that case read as follows:

"The carrier shall not be liable for gold, silver, bullion, specie, documents, jewelry, pictures, embroideries, works of art, silks, furs, china, porcelain, watches clocks or goods of any description which are above the value of $100 per package, unless bills of lading are signed therefor, with the value therein expressed, and a special agreement is made."

Referring to this last-quoted clause the Supreme Court said:

"A party to a contract is responsible for ambiguity in his own expressions, and has no right to induce another to contract with him on the supposition that his words mean one thing, while he hopes the court will adopt a construction by which they would mean another thing more to his advantage."

"In this case the contract is one prepared by the respondent itself for the general purposes of its business. With every opportunity for a choice of language, it used a form of expression which clearly indicated a desire to exempt itself altogether from liability for goods exceeding $100 in value per package, and it has no right to complain if the courts hold it to have intended what it so plainly expressed."

With this suggestion as to the importance of the use of clear and unambiguous language by the party who prepares a document, by whose provisions both parties are to be bound, we may consider what interpretation should be given to the bill of lading clause in the case at bar. The draughtsman undertook to provide for two classes of goods:

A. Bullion, specie, watches, etc.

B. All other goods not specified in A.

As to A he unmistakably provided that there should be no liability whatever—a provision void here, but valid elsewhere.

As to B, it is asserted that he provided that in the event of loss there should be a liability not greater than £20 per package. That clause would be valid here and elsewhere. If it were merely this that the draughtsman undertook to provide, he might very easily have worded the clause so that he would have expressed that idea and that only. But we are inclined to believe that he had another object. He wished to obtain all the relief he could under the law here—in case injury to goods in class B came before our courts. He also wanted to get the broader relief which the law elsewhere entitled him to secure, if he could, and therefore phrased the clause so that if injury to goods in class B came before an English court he could argue that, if they were worth over £20 a package, the ship should not be liable at all.

We do not doubt he had the Calderon clause before him, and that he tried to phrase a double-barreled form of exemption which would give him in each country the utmost relief that the laws of each would admit of. Of course, the form was not drawn for this specific voyage. It is a general one prepared to meet all cases. Being ambiguous, and its object being to relieve a carrier from its legal obligation, we think it should be construed against the carrier. If he has not made his exception clearly and unmistakably in the form our courts recognize as valid, he has not made one he can enforce here.

We do not think that the cases cited, Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940, D., L. W. v. Kutter, 147 Fed. 51, 77 C. C. A. 315, Wash. & I. R. R. v. Cœur d'Alene Ry., 160 U. S. 77, 16 Sup. Ct. 231, 40 L. Ed. 355, and A. Leschen & Sons Co. v. Mayflower G. M. & R. Co., 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A. (N. S.) 1,

223 F.—40

which hold that an ambiguous contract should be construed so as to make it a legal rather than an illegal one, apply, because the clause (even if construed to provide for total exemption) would be legal in some jurisdictions, and this ship might be called on to respond for damage claims in either place.

The decree is affirmed, with interest and costs.