## No. 9041.

### HENRYLYN IRRIGATION DISTRICT v. THOMAS.

IRRIGATION DISTRICT—*Default in Interest—Remedy.*   Under the provisions of secs. 3456 and 3459 of the Revised Statutes, the sole remedy of the holder of the bonds of an irrigation district, if default be made in the payment of interest, is by mandamus. An ordinary action demanding judgment for money will not lie. *Rio Grande Junction Co. v. The Orchard Mesa District,* 64 Colo., followed.

*Error to Denver District Court, Hon. Granby Hillyer, Judge.*

Mr. JOHN R. SMITH, Mr. H. B. WOODS, for plaintiff in error.

Messrs. THOMAS & THOMAS, for defendant in error.

Chief Justice Hill delivered the opinion of the court:

The defendant in error brought this action to, and did, obtain a money judgment against the plaintiff in error (an irrigation district) upon certain of its unpaid interest coupons.   The district brings the case here for review, and contends that the statute provides the only method to the

holder of such coupons for enforcing their payment, which does not include the line of procedure attempted to be followed.

Irrigation districts are organized for the purpose of carrying out certain special improvements. Section 3456, R. S., 1908, provides that the interest on coupons shall be paid by revenue derived from an annual assessment upon the real property of the district, and, that the real property of the district shall be and remain liable to be assessed for such payment *as therein provided.* Section 3459, R. S., provides that all taxes levied under the irrigation district are special taxes. The act provides when and for what amounts the lands in the district shall be assessed for the payment of the interest coupons which, upon account of each acre receiving an equal benefit by virtue of the improvement, is upon a flat basis, that is an equal amount per acre, regardless of the difference in the value of the land. The rule of construction applicable to legislative acts (with certain exceptions, of course) is that the inclusion of one method intended to cover or take care of something, is the exclusion of all others, the same as though the act had thus stated.

*City of Golden v. Western L. & P. Co.,* 60 Colo. 382, 154 Pac. 95; *Board of Co. Com'rs. v. Wheeler,* 39 Colo. 207; 89 Pac. 50; *In Re Senate Resolution No. 10,* 33 Colo. 307, 79 Pac. 1009; *City of Denver v. Hyatt,* 28 Colo. 129, 63 Pac. 403; Pomeroy Municipal Law (2nd Ed.), Sec. 916.

There is nothing in this act pertaining to the payment of interest coupons, which calls for any exception to the rule of construction recognized by the authorities above referred to, for which reason we agree with the plaintiff in error, that its language means just what it says, and furnishes the measure of the contract between the district and its coupon holders. If this method was not followed, the remedy is by mandamus to compel those whose duty it was, to do so; their neglect in this respect does not justify an ordinary suit for a money judgment. This phase of the case was gone into in detail in *Rio Grande Junction Ry. Co.*

*v. Orchard Mesa Irrigation District,* 64 Colo. —, 171 Pac. 367, where our cases on this subject are collected and commented upon.

The judgment will be reversed and the cause remanded with directions to dismiss the action.

*Reversed.*

Mr. Justice Bailey and Mr. Justice Allen concur.