## EASTMAN KODAK CO. ET AL. *v.* GRAY.

No. 709. Argued May 1, 1934.—Decided May 21, 1934.

*Mr. Dean S. Edmonds*, with whom *Messrs. William H. Davis, George E. Middleton*, and *Allen Hunter White* were on the brief, for petitioners.

*Mr. Thomas Raeburn White*, with whom *Mr. Leon Edelson* was on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

In an action at law, respondent Gray alleged that the petitioners had infringed his patent for a power transmitting mechanism and asked damages. The patent contains six claims; he relied upon all except the fourth. A plea of the general issue and notice of special matters raised questions of novelty, invention and infringement.

The cause was first tried to a jury, Judge Dickinson presiding. Certain facts were stipulated; witnesses were examined by both parties; there were many exhibits. The jury found for respondent; the Judge granted a new trial because he deemed the charge inadequate.

Thereupon, the parties stipulated in writing " that trial by jury is hereby waived and that the case shall be submitted to the Court for decision upon the record already made, as if the testimony and exhibits offered in evidence at the trial before Judge Dickinson and a jury had been duly offered in evidence before the Judge who may be assigned to hear this case, subject to any objections which appear on the record, and that all motions made by either party at the said trial shall be deemed to have been made before the Judge trying the case, both parties to have the right of appeal as in other cases."

Afterwards, at a session held before Judge Kirkpatrick, the issues between the parties " came to be tried by the Court without a jury upon the record of the same case which had been previously tried before a jury and the Court the tenth to fourteenth days inclusive of December, 1931, the issue between the said parties having been tried by the Court without a jury on said seventeenth day of March, 1932, in accordance with a stipulation entered into by and between the attorneys for the respective

parties, at which date, namely March 17, 1932, came as well the said plaintiff as the said defendants by their respective attorneys; and upon the trial the counsel for the respective parties offered their evidence as particularly set forth in the following stenographic notes of testimony and the stenographer's minutes attached hereto; and the evidence in the cause being closed the learned Trial Judge rendered his opinion and decision in writing, as hereinafter set forth . . ." Judgment went for the petitioners here, July 16, 1932. A supporting opinion dealt generally with the issues. Near the end of it he said: "The statements of fact contained in this opinion may be taken as findings of fact. If separate findings of fact are desired the parties may submit requests in accordance herewith." And he thus summarized his conclusions:

"1. The combination of closed coil inner thrust member and open coil outer sheath member is not patentable because its elements were known to the prior art and no new mode of operation or functional relationship arises from putting them together.

"2. Claims 1 and 2 cannot be interpreted as calling for a closed coil inner thrust member in view of the file wrapper history of this patent.

"3. Claims 1 and 2 are anticipated.

"4. Claim 3 is not infringed.

"5. Claims 5 and 6 are invalid because United States patent No. 1,297,327 to Dakin and Underwood antedating the plaintiff's application discloses the method of attaching the thrust member to the stem claimed, and conclusion '1' applies to these claims."

Finally, he directed, "judgment may be entered for the defendant."

Counsel for Gray tendered a bill of exceptions "to the rulings, opinion and action of the said Court, and re-

quested the seal of the Judge aforesaid should be put to the same, according to the form of the statute in such case made and provided." This was duly signed and sealed July 28, 1932. The bill contains the evidence presented and the minutes of the proceedings. It shows no exception to any ruling upon a motion presented by respondent during the progress of the cause. The transcript shows the following docket entry opposite the date January 9, 1932: " Plaintiff's motion for judgment on the verdict and assessment of treble damages filed " without more. This is not enough to support the suggestion that a motion for judgment upon the whole record was duly presented and overruled accompanied by adequate exceptions.

August 15, 1932, respondent prayed and obtained allowance of an appeal to the Circuit Court of Appeals. The assignment of errors there stated in five separate paragraphs that the trial judge erred in finding as set out in conclusions 1, 2, 3, and 5, *supra,* and in granting the judgment.

Counsel for petitioner correctly affirm—" Examination of this bill of exceptions discloses that no request or motion was made, denied, and excepted to, or any like action taken during the progress of the trial, which presented to the trial court the question whether there was support in the evidence for the findings challenged by the assignment of errors or whether the undisputed evidence required contrary findings. The fact is that respondent made no request for any findings of fact or for any rulings of law at any time, either during the first trial before the jury, or during the progress of the second trial before the court, or even after the filing of the opinion directing judgment for defendants."

In the Circuit Court of Appeals petitioners unsuccessfully moved for dismissal of the appeal or affirmation of

the challenged judgment. They pointed out the situation disclosed by the record, and relied upon *Fleischmann Construction Co.* v. *United States,* 270 U.S. 349. The court examined the record, held the patent valid and infringed, and reversed the challenged judgment. It declared: " In substance the trial was a quasi demurrer. No witnesses were examined. On final hearing neither party asked for any special findings of fact, for there were no disputed facts." This, we think, was error. The motion to affirm should have been granted. The trial was not ' in substance a quasi demurrer.' All the essential facts were not stipulated, or agreed upon by counsel. To proceed upon the contrary view was improper.

In *Fleischmann Construction Co.* v. *United States,* 270 U.S. 349, 355, 356, 357, opinion by Mr. Justice Sanford, this Court considered and announced the proper interpretation of §§ 649 and 700, R.S. (28 U.S. Code, §§ 773, 875), copied in the margin.* Concerning civil causes tried without the intervention of a jury, we there said: "And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court

---

* U.S. Code Ann. " Sec. 773. Trial of issues of fact; by court. Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

" Sec. 875. Review in cases tried without jury. When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. . . . To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them." This ruling was followed in *Lewellyn* v. *Electric Reduction Co.*, 275 U.S. 243, 248, and in *Harvey Co.* v. *Malley*, 288 U.S. 415, 418. See also *General Motors Co.* v. *Swan Carburetor Co.*, 44 F. (2d) 24, and *Gerlach* v. *Chicago, R. I. & P. Ry. Co.*, 65 F. (2d) 862.

The assignments of error in the Circuit Court of Appeals presented no point based upon the pleadings. The bill of exceptions disclosed no special findings of fact nor any proposition of law duly presented and relied upon during the progress of the trial. The judgment of the Circuit Court of Appeals must be reversed; the one by the District Court is affirmed.

*Reversed.*