## INTERNATIONAL FINANCE CORPORATION v. GENERAL MOTORS ACCEPTANCE CORPORATION.

### No. 5971.

United States Court of Appeals for the District of Columbia.

Argued Jan. 12, 1934.

Decided June 25, 1934.

Jo. V. Morgan, of Washington, D. C., for appellant.

Frank S. Bright and George C. Shinn, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

Appeal by the International Finance Corporation (plaintiff below) from a judgment in favor of the appellee General Motors Acceptance Corporation (defendant below). By written stipulation, the case was tried before the court without a jury. The issues were: First, whether appellant has a claim to four automobiles as "owner" superior to the title claimed by appellee; and, second, whether appellant has a claim to the automobiles under a "pledge and delivery" superior to the claimed title of appellee.

At the close of the evidence, "the court took the matter under advisement and thereafter made the following finding. * * ." After stating his conclusions deduced from the evidence, the court said: "I find, therefore, for the defendant." The record then reads: "Judgment on the above finding was entered, from which judgment the plaintiff noted an appeal in open court." No exception was taken by appellant either during the progress of the trial or at its conclusion, nor was any motion made for judgment and an exception reserved to its refusal.

In Eastman Kodak Co. v. Gray, 54 S. Ct. 722, 724, 78 L. Ed. 1291, 292 U. S. 332 (decided May 21, 1934), the record disclosed that: "No request or motion was made, denied, and excepted to, or any like action taken during the progress of the trial, which presented to the trial court the question whether there was support in the evidence for the findings challenged by the assignment of errors or whether the undisputed evidence required contrary findings." The court, speaking through Mr. Justice McReynolds, said: "In Fleischmann Construction Co. v. United States, 270 U. S. 349, 355, 356, 357, 46 S. Ct. 284, 287, 70 L. Ed. 624, opinion by Mr. Justice Sanford, this Court considered and announced the proper interpretation of sections 649 and 700, Rev. St. (28 U. S. Code, §§ 773, 875 [28 USCA §§ 773, 875]), copied in the margin.* Concerning civil causes tried without the intervention of a jury, we there said: 'And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. * * * To obtain a review by an appellate

---

* 28 U. S. Code Ann. "§ 773. Trial of issues of fact; by court. Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury.

"§ 875. Review in cases tried without jury. When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them.' ' * * " The court then said: "The assignments of error in the Circuit Court of Appeals presented no point based upon the pleadings. The bill of exceptions disclosed no special findings of fact nor any proposition of law duly presented and relied upon during the progress of the trial. The judgment of the Circuit Court of Appeals must be reversed; the one by the District Court is affirmed."

Since the decision in the Fleischmann Case, section 649, R. S. (section 773, tit. 28, U. S. C. [28 USCA § 773]), has been amended by the Act of May 29, 1930, c. 357, 46 Stat. 486 (28 USCA § 773), to permit the waiver of a jury "by an oral stipulation made in open court," as well as by written stipulation.

The statutes in the District governing trial in civil cases by the court on waiver of a jury and regulating the proceedings on review in such cases (sections 72 and 73, tit. 18, D. C. Code, 1929, sections 70 and 71, D. C. Code, 1901) are similar to sections 649 and 700, R. S. (sections 773 and 875, tit. 28 U. S. C. [28 USCA §§ 773, 875]).

The opinion in the Eastman Kodak Case is controlling here and requires us to affirm the judgment, and it is affirmed, with costs.

Affirmed.