## DIVIDE CREEK IRR. DIST. v. HOLLINGSWORTH.

### No. 989.

Circuit Court of Appeals, Tenth Circuit.
July 28, 1934.

Frank Delaney, of Glenwood Springs, Colo., for appellant.

S. E. Naugle, of Denver, Colo. (L. E. Kenworthy, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

**McDERMOTT, Circuit Judge.**

Action at law upon unpaid bonds and attached coupons issued by appellant and owned by appellee, a nonresident. After a motion to dismiss was denied, the district by its answer admitted that, pursuant to the statute creating the district, the bonds were authorized by a majority of the electors of the district; alleged that they were voted to pay for an irrigation system which was to be completely constructed before the bonds were issued; that in December, 1913, the district agreed to deliver to one Lockhard the entire $200,000 issue in payment for a completed irrigation system; but that, instead, the district "caused said bonds to be circulated and negotiated in payment for unperfected ditch and water rights," and stock in another ditch company said to have been later forfeited for nonpayment of assessments; that the proposed system was abandoned in 1928. It is further alleged that appellee was not a bona fide holder in good faith of the bonds and coupons sued upon. By way of cross-complaint, the district asked to have a prior judgment in favor of appellee on other bonds of the same issue set aside.

In reply, appellee denied all these charges, and attached a copy of the Notice for the Special Election at which the bonds were voted, which recites that the district proposes, with the bonds, to acquire other ditch and water rights, the particular reservoir and the stock of the particular ditch company complained of in appellant's answer. Appellee further denied that she had knowledge of any irregularities when she purchased the bonds. Appellee then alleged that such defenses were barred by final judgments rendered in two other cases between the same parties, involving other bonds of the same issue; and that appellant was estopped by the recitals in the bonds to raise such defenses. To appellant's cross-complaint, appellee interposed, in addition, a plea of laches.

██ Appellant demurred to this reply and also moved to strike therefrom many of the affirmative allegations. The demurrer and motion were overruled. The order indicates that the trial court examined the records in the two cases pleaded as res judicata, for the order finds that the defenses now sought to be interposed are identical with those interposed in the prior actions on other bonds of the same issue; that the parties were the same, and the proceedings were in the same court. Without regard to what the records in the earlier cases in fact disclose, the reply in this case alleged facts which, if true, constituted a good plea of estoppel by judgment

and by recitals in the bonds. The order overruling the demurrer and the motion was therefore correct, irrespective of the reasons assigned therefor.

After a trial without a jury, judgment was rendered for the appellee for the amount sued for, the judgment order closing with the conventional words, "and that plaintiff have execution therefor." We group the errors relied upon for reversal.

1. Appellee introduced the bonds, proved ownership and the consideration paid therefor, and rested. Appellant offered testimony tending to support its answer and its opening statement, to the effect that the bonds were issued as consideration for water rights upon which no construction work was ever done, for a reservoir encumbered beyond its value, and for stock in the ditch company subject to forfeiture for unpaid assessments. There was no testimony offered, however, that the acquisition of water rights, the reservoir, and the stock of the ditch company was outside the purposes for which the bonds were voted as set out in the election notice. Counsel stated that the purpose of the questions was to show that the stock and rights acquired were worthless; that the reservoir was not completed to the capacity agreed by the former owner to whom the bonds were issued; that other properties acquired for the bonds were encumbered and later foreclosed. Objections to all this testimony were sustained.

The proffered testimony strongly indicates that appellant's business affairs were badly handled; bonds were apparently issued piecemeal to acquire fragments of a complete system, and the system never completed but eventually abandoned. As it has turned out, the district is saddled with a heavy bonded indebtedness and, if the proffered testimony is true, has nothing now to show for it—a situation that has recurred all too frequently since the days when railroad-aid bonds were issued, and no railroad ever built. The rulings of the trial court were right, nevertheless, if the same issues of fact had been theretofore finally adjudicated between the parties, for no one is entitled to renew a controversy once finally determined; or, the rulings were right if these negotiable bonds found their way into the hands of one who purchased them for value, before maturity, without knowledge that they had been improvidently issued, for negotiable municipal bonds are "couriers without luggage."

██ 2. A final judgment in a prior action on the same cause of action is conclusive upon the parties, and those in privity with them,

not only as to all matters in fact litigated in the prior action, but as to all matters which might have been therein litigated. But where the prior action was between the same parties, but the cause of action different, the judgment operates as an estoppel only as to those matters which were litigated and determined in the former action. Larsen v. Northland Transportation Co., 54 S. Ct. 584, 78 L. Ed. 1096; Tait v. Western Md. Ry. Co., 289 U. S. 620, 53 S. Ct. 706, 77 L. Ed. 1405; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. A matter is litigated and determined, within the scope of the rule, if it is decided as a matter of law upon demurrer. "It is well established that a judgment on demurrer is as conclusive as one rendered upon proof." Northern Pacific Railway Co. v. Slaght, 205 U. S. 122, 130, 27 S. Ct. 442, 445, 51 L. Ed. 738; Sacks v. Stecker (C. C. A. 2) 62 F.(2d) 65; Passailaigue v. Herron (C. C. A. 5) 38 F.(2d) 775; Ledbetter v. Wesley (C. C. A. 8) 23 F.(2d) 81; Old Dominion Copper Mining & Smelting Co. v. Lewisohn (C. C. A. 2) 202 F. 178.

■ The reply in this case set up two judgments as prior adjudications. The parties in each were the same, but different bonds were involved. In one of them, No. 7826, it appears that judgment was rendered by default. No issue being tendered in that cause, none was determined, and that judgment does not operate as an estoppel in this action. In case No. 8695, it appears from the findings of the court on the demurrer to the reply, certain defenses interposed in that action and found to be insufficient on demurrer, are renewed here. If that be true, the plea of estoppel as to such defenses is well taken.

Appellant contends, however, that this record does not disclose the facts in that respect. That is true. Neither party offered in evidence the pleadings or the judgment roll in case No. 8695. Appellee contends that the trial court should and did take judicial notice of prior proceedings between the same parties in the same court, and that on appeal, the record here being silent, it must be presumed that the trial court correctly ruled that the defenses interposed in the two cases were the same. Appellant contends the law is to the contrary.

On first impression, and perhaps on final analysis, the authorities on the point appear to be in conflict. The Seventh Circuit reversed a decree dismissing a bill because the trial court found, upon motion, that plaintiff was barred by a judgment in a former action in the same court. The Circuit Court of Appeals held that decisions must depend upon evidence introduced, so that the adversary may have the opportunity to meet and overcome it. Paridy v. Caterpillar Tractor Co. (C. C. A. 7) 48 F.(2d) 166, certiorari denied 278 U. S. 617, 49 S. Ct. 21, 73 L. Ed. 540. Cases from many state courts are cited in that opinion in support of that ruling. The Ninth Circuit is in accord. National Surety Co. v. United States (C. C. A. 9) 29 F.(2d) 92.

On the other hand, the Fourth Circuit, in Morse v. Lewis, 54 F.(2d) 1027, certiorari denied 286 U. S. 557, 52 S. Ct. 640, 76 L. Ed. 1291, affirmed a decree of the trial court which dismissed a bill on motion because of a final decree in the same court on the same cause of action. It will be observed, however, that in this case the Court of Appeals by looking at its own records on the appeal of the prior action, was able to determine that the causes were identical, while in the case from the Seventh Circuit, there was no appeal from the prior decree, and that court was unable to determine the identity of the causes from its own records. The Eighth Circuit Court of Appeals has likewise held that "the District Court could take judicial notice of its own records, and in so doing would have full knowledge of the original suit." St. Louis-San Francisco R. Co. v. Byrnes (C. C. A. 8) 24 F.(2d) 66, 69. To the same effect, is Bowe-Burke Mining Co. v. Willcuts (D. C. Minn.) 45 F.(2d) 394.

The Supreme Court of the United States, in a number of cases, has taken notice of its own records in other cases in order that the controversy might not be prolonged. For example, in National Fire Ins. Co. v. Thompson, 281 U. S. 331, 50 S. Ct. 288, 74 L. Ed. 881, it examined the record on an appeal in another case between the same parties to find the content of an order made by the Superintendent of Insurance. In De Bearn v. Safe Deposit & Trust Co., 233 U. S. 24, 34 S. Ct. 584, 58 L. Ed. 833, the court, taking judicial notice of the record on a prior appeal of another case between the same parties, dismissed the appeal. In Bienville Water-Supply Co. v. Mobile, 186 U. S. 212, 217, 22 S. Ct. 820, 822, 46 L. Ed. 1132, a decree in prior litigation was neither pleaded nor proved and it was argued that, absent pleading or proof, "no question of res judicata can be considered unless the earlier decision is formally presented on the hearing of the later case. This, doubtless, is technically true, but we take judicial notice of our own records, and, if not res judicata, we may, on the

principle of stare decisis, rightfully examine and consider the decision in the former case as affecting the consideration of this."

In Washington & Idaho R. Co. v. Coeur D'Alene R. & Nav. Co., 160 U. S. 101, 102, 16 S. Ct. 239, 40 L. Ed. 355, a judgment was affirmed because the Supreme Court learned "from our own records" that relief was precluded by a final judgment in other litigation. In Butler v. Eaton, 141 U. S. 240, 11 S. Ct. 985, 987, 35 L. Ed. 713, a judgment below went against plaintiff on defendant's plea that a state court judgment was res judicata. The state court judgment was later reversed by the Supreme Court of the United States. When the subsequent case came before the Supreme Court of the United States, that court said:

"It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of the defendant is, to our judicial knowledge, without any validity, force, or effect, and ought never to have existed. Why, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object?"

For other cases where the Supreme Court has exercised its avowed right to take judicial notice of its own records, see United States v. California Co-op. Canneries, 279 U. S. 553, 49 S. Ct. 423, 73 L. Ed. 838; Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551; Dimmick v. Tompkins, 194 U. S. 540, 24 S. Ct. 780, 48 L. Ed. 1110; Craemer v. Washington State, 168 U. S. 124, 18 S. Ct. 1, 42 L. Ed. 407; Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 14 S. Ct. 4, 37 L. Ed. 986. See, also, Wigmore on Evidence, § 2579.

If these authorities can be reconciled on any other ground than that suggested by Dean Wigmore—the discretion of the court—it must be upon the distinction which exists between trial courts and courts of last resort. When the Supreme Court of the United States, or other appellate tribunal, can end litigation by an examination of its own records, it is in the interest of justice that it do so. No useful purpose is subserved by remanding the case to enable the parties formally to draw upon the record an indisputable and conclusive fact disclosed by an inspection of its own authentic records. And, as has been seen, the Supreme Court of the United States has frequently and uniformly wound up protracted litigation in that common sense way.

The situation is quite different in the trial courts. Their judgments are subject to review, and in order to review them, a record of the proceedings in that case must be made for an appellate court which cannot take notice of the records of every district in its jurisdiction. Moreover, questions of res judicata are often close and disputable, and adversaries ought to be notified of the plea and afforded an opportunity to meet it. In the trial courts, therefore, a claim of res judicata must be pleaded, and if traversed, proof thereof must be made. The records are sufficient evidence of their genuineness (Wigmore on Evidence, § 2158), but the material parts of the record of the former proceeding must be offered in evidence, in order that a record may be made upon which a review may be had.

Appellee pleaded estoppel by judgment in her reply, but offered no proof in support thereof. Appellant offered in evidence the judgment in No. 7826, but since it is conceded that the judgment in that case was taken by default and will not support the plea, there was no prejudice in excluding it. We conclude, on this branch of the case, that the plea of estoppel by the judgment in No. 8695 is not supported by the proof.

3. The trial court, by its general judgment, found all issues in favor of appellee, and among them, that appellee was a bona fide purchaser for value of the bonds in suit. The sufficiency of the evidence to support that finding is challenged here, but no motion was interposed at the close of the trial presenting this question of law to the trial court, and it is therefore not before this court. Eastman Kodak Co. v. Gray, 292 U. S. 332, 54 S. Ct. 722, 78 L. Ed. 1291; Harvey Co. v. Malley, 288 U. S. 415, 53 S. Ct. 426, 77 L. Ed. 866; White v. United States (C. C. A. 10) 48 F.(2d) 178.

The bonds sued on are in conventional form; they contain a promise, for value received, to pay to bearer the face thereof with interest; they refer to the statute and the election authorizing their issuance, and contain this statement:

"And it is hereby recited and certified that all acts and things required to be done, and conditions and things required to exist precedent to and in the issuance of this bond to render the same lawful and valid, have happened and been properly done and performed and did exist in regular and due time, form and manner as required by law, and said bonds are declared to be the bonds of said district and a legal indebtedness thereof,

which said indebtedness is a lien upon the real property in said district, and to be paid by revenue derived from the annual assessment and taxation upon all real property included within said district, levied and collected under the laws of the State of Colorado."

Judge Walter H. Sanborn, in a characteristically exhaustive opinion, laid down the rule that if a municipality authorized to issue bonds when certain facts and circumstances exist, does issue bonds containing such recitals which have been acquired by an innocent purchaser for value, the municipality is estopped from denying the existence or occurrence of the facts and circumstances under which they might lawfully have been issued. Town of Aurora v. Gates (C. C. A. 8) 208 F. 101, L. R. A. 1915A, 910. The Supreme Court of Colorado has approved and adopted that opinion. Hayden v. Town of Aurora, 57 Colo. 389, 142 P. 183. Our own court has cited that opinion with approval. City of Shidler v. H. C. Speer & Sons Co. (C. C. A. 10) 62 F.(2d) 544. There are many cases to the same effect. See Board of Education of Carmen v. James (C. C. A. 10) 49 F.(2d) 91; Waite v. Santa Cruz, 184 U. S. 302, 22 S. Ct. 327, 46 L. Ed. 552; Evansville v. Dennett, 161 U. S. 434, 16 S. Ct. 613, 40 L. Ed. 760.

Appellant does not deny its power to issue these bonds for the purposes set out in the election notice. The record indicates they were issued for such purposes; but in any event, the bonds recite that all acts and things required to be done to render their issuance lawful, have been done. The district cannot assert, against an innocent purchaser for value, that they were improvidently issued, or issued for a purpose not contemplated by the statute or election notice, or that those to whom they were issued did not live up to agreements contemporaneously made. Cases strikingly similar to this one are City of Cripple Creek v. Adams, 36 Colo. 320, 85 P. 185, where bonds were issued for water rights, the title to which failed; Carter v. Badger Irr. Dist., 77 Colo. 101, 235 P. 376, where irrigation bonds were issued for a purpose not authorized by the statute, but the court nevertheless held an innocent purchaser should recover; Waite v. Santa Cruz, 184 U. S. 302, 22 S. Ct. 327, 46 L. Ed. 552, where bonds were issued to parties who did not comply with the agreement upon which the bonds were delivered to them; and D'Esterre v. City of New York (C. C. A. 2) 104 F. 605, where bonds were wrongfully sold on credit and never paid for.

For this reason, we conclude the court did not err in sustaining objections to the testimony offered by appellant.

4. There is nothing in the record to justify a vacation of the judgment rendered in case No. 7826, even if it were proper to invoke such relief in this action, which we do not say.

5. A motion to dismiss the complaint, on the ground that the prayer was for a money judgment while appellee's sole remedy was in mandamus to compel assessments against properties in the district, was denied and this ruling assigned as error; error is also assigned because the judgment authorizes execution.

The bonds were issued under the authority of an act approved May 3, 1905 (C. L. 1921, § 1983 et seq.) and so recite. That act (C. L. 1921, § 1985) provides that they shall be paid by the revenue derived from annual assessments upon the real property of the district. That statute has been construed repeatedly by the Supreme Court of Colorado, and as so construed, measures the obligation of the district and the property owners therein. Board of County Com'rs v. Heath, 87 Colo. 204, 286 P. 107; Thomas v. Henrylyn Irr. Dist., 79 Colo. 636, 247 P. 1059; Interstate Trust Co. v. Montezuma Valley Irr. Dist., 66 Colo. 219, 181 P. 123; Henrylyn Irr. Dist. v. Thomas, 64 Colo. 413, 173 P. 541.

While appellee's right is measured by the statute and the Colorado decisions construing it, neither state statute nor decision can prevent appellee, a nonresident, from enforcing that right in the courts of the United States, nor control the procedure of such courts. In the federal courts mandamus is an ancillary remedy, available in such instances as this, only after the right has ripened into judgment. An action to adjudicate the existence of the right is a necessary step in the enforcement of that right by mandamus. The courts of the United States are not deprived of the power to enforce the right because it is rooted in a state statute which prescribes a different method of enforcement in the state courts. Chicot County v. Sherwood, 148 U. S. 529, 13 S. Ct. 695, 37 L. Ed. 546; Chickaming v. Carpenter, 106 U. S. 663, 1 S. Ct. 620, 27 L. Ed. 307; Davenport v. County of Dodge, 105 U. S. 237, 26 L. Ed. 1018; County of Greene v. Daniel, 102 U. S. 187, 26 L. Ed. 99; Roswell Drainage Dist. v. Parker (C. C. 10) 53 F.(2d) 793; Mechanics' Ins. Co. v. C. A. Hoover Distilling Co. (C. C. A. 8) 182 F. 590, 31 L. R. A. (N.

S.) 873; Shepard v. Tulare Irr. Dist. (C. C. Cal.) 94 F. 1, affirmed 185 U. S. 1, 22 S. Ct. 531, 46 L. Ed. 773; Wilson v. Smith (C. C. Pa.) 66 F. 81; Farrell v. Stoddard (D. C. N. Y.) 1 F.(2d) 802; Snower v. Hope Drainage Dist. (D. C. Mo.) 2 F. Supp. 931; Hughes, Fed. Pr. p. 202.

Appellee is entitled to a judgment against the district; she is not entitled to execution, unless perchance to reach moneys in the treasury which may have been collected from assessments levied in accordance with the underlying statute. She must look, for payment of her judgment, to the revenue provided by statute for the payment of her bonds.

The judgment should be modified by striking out the provision for general execution; as so modified, it is

Affirmed.