## CHESAPEAKE & O. RY. CO. v. INDIANA FIBRE PRODUCTS CO.
### No. 5268.

Circuit Court of Appeals, Seventh Circuit.
Feb. 13, 1935.

Albert H. Cole, of Peru, Ind., for appellant.

O. E. Fuelber and Hugh B. Olds, both of Fort Wayne, Ind., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

Appellant brought this action to collect freight charges based upon a rate, the applicability of which appellee disputed. The case proceeded to a hearing, and a jury trial was waived. At the close of the testimony neither side made a request for a finding or a ruling of law. The court ordered judgment to be entered in favor of appellee. Appellant appealed and, as a ground for reversal, argues that there is no evidence in the bill of exceptions which will support the judgment.

In view of the holdings in Fleischmann Construction Co. v. U. S., 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624, and Eastman Kodak Co. v. Gray, 292 U. S. 332, 54 S. Ct. 722, 78 L. Ed. 1291, appellant is without right to present the single question it raises on this appeal. Such a question (the sufficiency of the evidence to support the judgment) cannot be reviewed unless the appellant "obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them."

This court expressed a different view in Muentzer v. Los Angeles Trust & Savings Bank, 3 F.(2d) 222, which represented a departure from the existing practice, but which we hoped would meet with judicial favor especially in view of the enactment of section 269 of the Judicial Code (28 USCA § 391). In view of the holdings of the two first cited cases, however, we now feel impelled to follow them although not in sympathy with the reasons upon which they are based.

We still are of the opinion that the waiver of a jury trial in many cases lessens the expense to the litigant and to the Government, shortens the trial, and should be encouraged. We therefore suggest to the District Judges of this circuit the advisability of making special findings of fact in every case where a jury trial is waived. If this be not done, the court should at least call counsel's attention to the pitfalls into which he

194

may stumble unless he carefully pursues the narrow path defined in the Supreme Court decisions.

 While the trial court is not required to make special findings in actions at law where a jury has been waived (28 USCA § 773), the reasons which brought forth the practice in equity suits, as required by Supreme Court Equity Rule 70½ (28 USCA § 723), apply with well nigh equal force. It is not a case of statutory or rule requirement, but the practice is justified, we think, on the ground that it is promotive of the "ends of justice." Further justification appears in the existence of this appellate rule of practice governing reviewable questions, which finds present day judicial support in a too slavish devotion to judicial precedent.

The judgment is
Affirmed.