## NEVINS v. UNITED STATES.

### HUNTER v. SAME.

### Nos. 6393, 6399.

Circuit Court of Appeals, Seventh Circuit.

March 1, 1938.

Rehearing Denied April 18, 1938.

Frank C. Wade, of Terre Haute, Ind., for appellants.

Newman A. Townsend, of Washington, D. C., and Val Nolan, U. S. Atty., of Indianapolis, Ind., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Young M. Smith, Atty., Department of Justice, of Washington, D. C.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

These two appeals arise out of separate suits on policies of war risk insurance. They were separately heard in this court, but since they present identical questions, and since the state of the record in each precludes our consideration of the evidence, we discuss them together.

In each cause, the appeal was taken by the insured from a judgment in favor of the Government. In each, there was a waiver of jury, and, at the close of evidence presented by both sides, the Government filed its motion for finding and judgment on the ground that (1) there was no substantial evidence in the record to show that insured was permanently and totally disabled at any time while the policy was in full force and effect, and (2) the weight of the evidence showed that insured was not permanently and totally disabled at any time while said policy of insurance was in force and effect. Both cases were then taken under advisement by the court which subsequently sustained the motions of the Government and thereupon entered judgments in its favor. Neither appellant requested special findings of fact, nor did either move for judgment in his favor. The only exception taken by either was to the ruling in favor of the Government on its motion for judgment. Each appellant assigns the following errors:

"The Court erred in sustaining defendant's motion for finding and judgment in its favor and against the plaintiff at the conclusion of all the evidence, for the reason that there was substantial evidence to sustain a finding and judgment for plaintiff.

"The Court erred in entering judgment for the defendant for the reason that all the evidence establishes that the insured was totally and permanently disabled while said insurance was in full force and effect."

We are of opinion that on this state of the records, appellants' single exceptions, to the judgments in favor of defendant on its motions, are not sufficient to present to us for review the question of the sufficiency of the evidence to support the judgments. The effect of findings of the court in cases tried without jury, and the scope of review in such cases, is governed by sections 649 and 700 of the Revised Statutes, as amended 28 U.S.C.A. §§ 773 and 875.[1] These have long been construed to provide that an

[1] R.S. § 649: "Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

R.S. § 700: "When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, * * * the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

exception to a general finding of the court on a trial without jury brings up no question for review. [2] In Law v. United States, 266 U.S. 494, 45 S.Ct. 175, 69 L.Ed. 401, a war risk insurance case wherein judgment was entered for the plaintiff on a general finding in his favor, it was held that neither the evidence nor the questions of law presented by it were reviewable by the Court of Appeals, although the defendant had moved for judgment in its favor, which motion was denied. In Dirst v. Morris, 14 Wall. 484, 20 L.Ed. 722, the Court held that if a jury is waived and the court chooses to find generally for one party or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence. Here there is no question raised as to the admission or rejection of evidence, but appellants ask us to examine the record and verify their assertion that it overwhelmingly establishes their total and permanent disability while their policies of insurance were in effect. That we have no authority to do so was established by St. Louis v. Western Union Teleg. Co., 166 U.S. 388, 17 S.Ct. 608, 609, 41 L.Ed. 1044, where the Court said:

"There is no special finding of facts, and therefore inquiry in this court must be limited to the sufficiency of the complaint, and the rulings, if any be preserved, on questions of law arising during the trial. In such cases a bill of exceptions cannot be used to bring up the whole testimony for review any more than in a trial by jury."

To the same effect is Grayson v. Lynch, 163 U.S. 468, 16 S.Ct. 1064, 41 L.Ed. 230, where the Court said that if the findings of fact be general, only such rulings of the court in the progress of the trial can be reviewed as are presented by a bill of exceptions, and that in such cases the bill of exceptions cannot be used to bring up the whole testimony for review.

■ This same question of the interpretation of R.S. §§ 649 and 700, 28 U.S.C.A. §§ 773 and 875, has recently been considered again by the Supreme Court in Eastman Kodak Co. v. Gray, 292 U.S. 332, 54 S.Ct. 722, 78 L.Ed. 1291. The Court reiterated its holding that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions as required by the statute, and that to obtain a review by an appellate court of the conclusions of law, a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. See, also, Fleischmann Construction Co. v. United States, 270 U.S. 349, 46 S.Ct. 284, 70 L.Ed. 624; Lewellyn v. Electric Reduction Co., 275 U.S. 243, 48 S.Ct. 63, 72 L.Ed. 262; Harvey Co. v. Malley, 288 U.S. 415, 53 S.Ct. 426, 77 L.Ed. 866.

■ We conclude, then, that since the assignments of error in both of these appeals present no point based upon the pleadings, and since the bills of exceptions disclose no special findings of fact nor propositions of law duly presented and relied upon during the progress of the trial, the judgments entered by the District Court must be, and they are hereby affirmed.

[2] See Springfield F. & M. Insurance Co. v. Sea, 21 Wall. 158, 22 L.Ed. 511; British Queen Mining Co. v. Baker Silver Mining Co., 139 U.S. 222, 11 S.Ct. 523, 35 L.Ed. 147; Wilson v. Merchants' Loan & Trust Co., 183 U.S. 121, 22 S.Ct. 55, 46 L.Ed. 113.